# EXHIBIT A



DANIEL ZEMEL, ESQ. (NY, NJ)
660 BROADWAY
PATERSON, NEW JERSEY 07514
PHONE   (862) 227-3106
FAX:       (973) 282-8603
DZ@ZEMELLAW.COM

February 19, 2021

Manager and/or Officer of:
Experian Information Solutions, Inc.
475 Anton Boulevard
Costa Mesa, CA 92626

    RE:    Service of Process – Chaim B. Tescher vs Experian Information Solutions, Inc, et al.

    Case #: 030802/2021

Please find enclosed a Summons & Complaint.

Very truly yours,

*Daniel Zemel*

Daniel Zemel, Esq.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------------X
CHAIM B. TESCHER,

        Plaintiff,

vs.

EXPERIAN INFORMATION SOLUTIONS, INC.;
LOAN DEPOT; PHH MORTGAGE SERVICES;
CREDIT PLUS INC.,

        Defendants.
-----------------------------------------------------------------X

Index No.:

SUMMONS

Date Index No. Purchased:

To the above-named Defendant:

EXPERIAN INFORMATION SOLUTIONS, INC.

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with the summons, to serve a notice of appearance, on the Plaintiff's attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this Summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

The basis of venue is the Plaintiff's residence in Rockland County. Plaintiff's address which is Monsey, NY.

Dated this 9th day of February, 2021.

                                                          */s/ Daniel Zemel*
                                                          Daniel Zemel, Esq.
                                                          ZEMEL LAW, LLC
                                                          680 Central Ave, Suite 105
                                                          Cedarhurst, NY 11516
                                                          T: (862) 227-3106
                                                          F: (973) 282-8603
                                                          dz@zemellawllc.com
                                                          Attorneys for Plaintiff

Notice: The nature of this action is violation of the Fair Credit Reporting Act.

FILED: ROCKLAND COUNTY CLERK 02/16/2021 10:24 AM
NYSCEF DOC. NO. 1
INDEX NO. 030802/2021
RECEIVED NYSCEF: 02/16/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ROCKLAND
-----------------------------------------------------------------X
CHAIM B. TESCHER,

                              Plaintiff,

    -against-

EXPERIAN INFORMATION SOLUTIONS, INC.;
LOAN DEPOT; PHH MORTGAGE SERVICES;
CREDIT PLUS INC.,

                              Defendants.
-----------------------------------------------------------------X

Index No.:

**COMPLAINT**

Plaintiff, Chaim B. Tescher (hereinafter "Plaintiff" or "Tescher") alleges:

### PRELIMINARY STATEMENT

1. This is an action for damages arising from violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (hereinafter "FCRA").

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to NY CPLR §301.

3. Venue is proper in the Supreme Court of the State of New York, Rockland County pursuant to NY CPLR §503(c) because Plaintiff resides in this county and the cause of action arose in this county.

### PARTIES

4. Plaintiff is a natural person who at all relevant times has resided in Monsey, New York.

5. Defendant Experian Information Solutions Inc. ("Experian") is a business entity that regularly conducts business in New York. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681 a(d), to third parties.

6. Loan Depot is a business entity that offers mortgage lending, refinancing, calculations, foreclosure, and other financial services. Loan Depot regularly conducts business within New York. Loan Depot is a "furnisher" of information as contemplated by the FCRA. 15 U.S.C. §§ 1681s-2(a) & (b).

7. PHH Mortgage Services ("PHH") is a business entity that offers mortgage lending, refinancing, calculations, foreclosure, and other financial services. PHH regularly conducts business within New York. PHH is a "furnisher" of information as contemplated by the FCRA. 15 U.S.C. §§ 1681s-2(a) & (b).

8. Credit Plus Inc. is a business entity that regularly conducts business in New York. Credit Plus is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Credit Plus is further defined as a "reseller" as defined in 15 U.S.C. § 1681a(u) as it gathers information from other credit agencies.

## FACTUAL STATEMENTS

9. On a date better known by Defendant Loan Depot, Loan Depot began servicing Plaintiff's mortgage account bearing account number #300011**** (the "Account").

10. On a date better known by Loan Depot, but sometime in 2018 or 2019, Loan Depot transferred servicing of the loan to Defendant PHH Mortgage Services.

11. There is no dispute that Plaintiff was 30 days late in December 2018 on his mortgage.

12. On or about September 2020, Plaintiff reviewed his Experian credit report, through a report issued by Credit Plus, and learned that both Loan Depot and PHH Mortgage Services are both reporting Plaintiff as 30 days late within the same month for the same account.

13. Having two mortgage accounts report as late simultaneously is more detrimental to creditworthiness than only one late payment.

14. After learning of the error, Plaintiff disputed the error with Experian in late 2020 in September and October.

15. Experian received the dispute and forwarded the dispute on to Loan Depot and PHH.

16. Loan Depot failed to conduct a reasonable investigation and continued reporting Plaintiff as late ensuring that Plaintiff's credit reflected that he made a 30 day late payment on two accounts instead of one.

17. PHH failed to conduct a reasonable investigation and continued reporting Plaintiff as late ensuring that Plaintiff's credit reflected that he made a 30 day late payment on two accounts instead of one.

18. Experian failed to conduct a reasonable investigation and continued reporting Plaintiff as late ensuring that Plaintiff's credit reflected that he made a 30 day late payment on two accounts instead of one.

19. Experian does not maintain adequate procedures to prevent two tradelines from reporting the same account as delinquent at the same time.

20. Both PHH and Loan Depot also failed to mark the account in dispute after receiving Plaintiff's dispute letters.

21. Plaintiff also disputed the information with Credit Plus.

22. Credit Plus failed to conduct a reasonable investigation as required of it and continued reporting Plaintiff as late ensuring that Plaintiff's credit reflected that he made a 30 day late payment on two accounts instead of one.

23. Credit Plus does not maintain adequate procedures to prevent two tradelines from reporting the same account as delinquent at the same time.

24. As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of diminished credit worthiness and emotional distress.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY EXPERIAN

25. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

26. Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

27. Experian negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

28. After receiving Plaintiff's dispute highlighting the errors, Experian negligently and willfully failed to conduct a reasonable investigation in violation of 15 U.S.C. § 1681i(a).

29. As a direct and proximate cause of Experian's failure to perform its duties under the FCRA, Plaintiff has suffered injury to credit worthiness and increased difficulty obtaining credit.

30. Plaintiff has also suffered embarrassment, humiliation, and other emotional injuries as a result of errors on credit report and credit worthiness.

31. Experian's conduct, action and inaction were willful, rendering each liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Experian was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant Plaintiff a judgment against Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

### COUNT II
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY LOAN DEPOT

32. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

33. At all times pertinent hereto, Loan Depot was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

34. Loan Depot willfully and negligently supplied Experian with information about Plaintiff that was false, misleading, and inaccurate.

35. Loan Depot willfully and negligently failed to mark its account as disputed by Plaintiff.

36. Loan Depot willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed.

37. Loan Depot willfully and negligently failed to report the results of its investigation to the relevant consumer reporting agencies.

38. Loan Depot willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the inaccurate information disputed by Plaintiff.

39. Loan Depot willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

40. Loan Depot willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

41. As a direct and proximate cause of Loan Depot's failure to perform its duties under the FCRA, Plaintiff has suffered injury to his credit worthiness and increased difficulty obtaining credit. Plaintiff has also suffered embarrassment, humiliation, and other emotional injuries as a result of errors on her credit report and credit worthiness.

42. Loan Depot's conduct, action and inaction were willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

43. In the alternative, Loan Depot was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant Plaintiff a judgment against Loan Depot for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

### COUNT III
### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### BY PHH MORTGAGE SERVICES

44. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

45. At all times pertinent hereto, PHH Mortgage Services was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

46. PHH Mortgage Services willfully and negligently supplied Experian with information about Plaintiff that was false, misleading, and inaccurate.

6

FILED: ROCKLAND COUNTY CLERK 02/16/2021 10:24 AM
NYSCEF DOC. NO. 1
INDEX NO. 030802/2021
RECEIVED NYSCEF: 02/16/2021

47. PHH Mortgage Services willfully and negligently failed to mark its account as disputed by Plaintiff.

48. PHH Mortgage Services willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed.

49. PHH Mortgage Services willfully and negligently failed to report the results of its investigation to the relevant consumer reporting agencies.

50. PHH Mortgage Services willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the inaccurate information disputed by Plaintiff.

51. PHH Mortgage Services willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

52. PHH Mortgage Services willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

53. As a direct and proximate cause of PHH Mortgage Services's failure to perform its duties under the FCRA, Plaintiff has suffered injury to his credit worthiness and increased difficulty obtaining credit. Plaintiff has also suffered embarrassment, humiliation, and other emotional injuries as a result of errors on her credit report and credit worthiness.

54. PHH Mortgage Services's conduct, action and inaction were willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

55. In the alternative, PHH Mortgage Services was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

WHEREFORE, PLAINTIFF PRAYS that this court grant Plaintiff's judgment against PHH Mortgage Services for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## COUNT IV
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY CREDIT PLUS

56. Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

57. Defendant Credit Plus prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

58. Credit Plus negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

59. After receiving Plaintiff's dispute highlighting the errors, Credit Plus negligently and willfully failed to conduct a reasonable investigation in violation of 15 U.S.C. § 1681i(f). Credit Plus failed to notify Experian of Plaintiff's dispute, failed to determine whether the error was of its own making, and failed to respond to Plaintiff's dispute.

60. As a direct and proximate cause of Credit Plus's failure to perform its duties under the FCRA, Plaintiff has suffered injury to credit worthiness and increased difficulty obtaining credit.

61. Plaintiff has also suffered embarrassment, humiliation, and other emotional injuries as a result of errors on credit report and credit worthiness.

62. Credit Plus's conduct, action and inaction were willful, rendering each liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to

15 U.S.C. § 1681n. In the alternative, Credit Plus was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant Plaintiff a judgment against Credit Plus for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## JURY TRIAL DEMAND

63. Plaintiff demands a jury trial on all issues so triable.

Dated: February 9, 2021

Respectfully Submitted,

/s/ Daniel Zemel
Daniel Zemel, Esq.
ZEMEL LAW, LLC
660 Central Ave, Suite 105
Cedarhurst, NY 11516
Phone: (862) 227-3106
Fax: (973) 282-8603
dz@zemellawllc.com
Attorneys for Plaintiff




Manager and/or Officer of:
Experian Information Solutions, Inc
475 Anton Boulevard
Costa Mesa, CA 92626

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 70201290000093187665

Remove ✕

Your item was picked up at a postal facility at 11:07 am on February 25, 2021 in COSTA MESA, CA 92626.

## ✓ Delivered

February 25, 2021 at 11:07 am
Delivered, Individual Picked Up at Postal Facility
COSTA MESA, CA 92626



Get Updates ⌄

---

Text & Email Updates ⌄

---

Tracking History ⌃

February 25, 2021, 11:07 am
Delivered, Individual Picked Up at Postal Facility
COSTA MESA, CA 92626
Your item was picked up at a postal facility at 11:07 am on February 25, 2021 in COSTA MESA, CA 92626.

---

February 25, 2021, 3:24 am
Arrived at USPS Regional Destination Facility
SANTA ANA CA DISTRIBUTION CENTER

---

February 24, 2021, 12:29 pm
Arrived at USPS Regional Destination Facility

ANAHEIM CA DISTRIBUTION CENTER

**February 23, 2021**
In Transit to Next Facility

**February 20, 2021, 7:53 pm**
Arrived at USPS Regional Origin Facility
KEARNY NJ DISTRIBUTION CENTER

**February 19, 2021, 6:41 pm**
Departed Post Office
HILLSDALE, NJ 07642

**February 19, 2021, 4:26 pm**
USPS in possession of item
HILLSDALE, NJ 07642

**Product Information**  ⌄

**See Less** ∧

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**