**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------X

CHAIM B. TESCHER,

                             Plaintiff,

        -against-

EXPERIAN INFORMATION SOLUTIONS, INC.;
LOANDEPOT.COM LLC; PHH MORTGAGE
SERVICES; CREDIT PLUS INC.,

                           Defendants.

-------------------------------------------------------------------X

Case No.: 7:21-cv-2266

**FIRST AMENDED**
**COMPLAINT**

       Plaintiff, Chaim B. Tescher (hereinafter "Plaintiff" or "Tescher") alleges:

## PRELIMINARY STATEMENT

1.     This is an action for damages arising from violations of the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* (hereinafter "FCRA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p.

3. Venue is appropriate in this district under 28 U.S.C. § 1391(b).

## PARTIES

2.     Plaintiff is a natural person who at all relevant times has resided in Monsey, New York.

3.     Defendant Experian Information Solutions Inc. ("Experian") is a business entity that regularly conducts business in New York. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f) and engaged in the business of assembling, evaluating, and disbursing

information concerning consumers for the purpose of furnishing consumer reports, as defined in

15 U.S.C. §1681 a(d), to third parties.

4.      LoanDepot.com LLC, ("Loan Depot") is a business entity that offers mortgage lending,

refinancing, calculations, foreclosure, and other financial services.  Loan Depot regularly conducts

business within New York. Loan Depot is a "furnisher" of information as contemplated by the

FCRA.  15 U.S.C. §§ 1681s-2(a) & (b).

5.      PHH Mortgage Services ("PHH") is a business entity that offers mortgage lending,

refinancing, calculations, foreclosure, and other financial services.  PHH regularly conducts

business within New York. PHH is a "furnisher" of information as contemplated by the FCRA.  15

U.S.C. §§ 1681s-2(a) & (b).

6.      Credit Plus Inc. is a business entity that regularly conducts business in New York. Credit

Plus is a "consumer reporting agency," as defined in 15 U.S.C. § 1681a(f). Credit Plus is further

defined as a "reseller" as defined in 15 U.S.C. § 1681a(u) as it gathers information from other credit

agencies.

## FACTUAL STATEMENTS

7.      On a date better known by Defendant Loan Depot, Loan Depot began servicing Plaintiff's

mortgage account bearing account number #300011**** (the "Account").

8.      On a date better known by Loan Depot, but sometime in 2018 or 2019, Loan Depot

transferred servicing of the loan to Defendant PHH Mortgage Services.

9.      Thereafter, Defendant PHH Mortgage Services began credit reporting the account with a

different account number #95471****.

10.     There is no dispute that Plaintiff was 30 days late in December 2018 on his mortgage.

11.     On or about September 2020, Plaintiff reviewed his Experian credit report, through a report issued by Credit Plus, and learned that both Loan Depot and PHH Mortgage Services are both reporting Plaintiff as 30 days late within the same month for the same account. As a result, Plaintiff's credit report specifically showed that Plaintiff was late for two accounts, while in fact, Plaintiff was only late for a single account.

12.     This reporting is both inaccurate and misleading. Having two mortgage accounts report as late simultaneously is more detrimental to Plaintiff's creditworthiness than only one late payment. Having two mortgage accounts report as late has lowered Plaintiff's credit score more than if Plaintiff had only one late payment.

13.     A creditor reviewing Plaintiff's credit report, would be misled into believing that Plaintiff was 30 days late on two separate mortgages. This would occur through two means. First, a plain viewing of the report for calculation of the number of delinquent accounts. Here, Plaintiff's credit report would show two delinquent accounts as opposed to one. Second, the creditor would rely on Plaintiff's credit score to determine eligibility. However, because the credit score is improperly depressed, the creditor is misled as to Plaintiff's true credit score.

14.     After learning of the error, Plaintiff disputed the error with Experian in late 2020 in September and October.

15.     Experian received the dispute and forwarded the dispute on to Loan Depot and PHH.

16.     Loan Depot failed to conduct a reasonable investigation and continued reporting Plaintiff as late ensuring that Plaintiff's credit reflected that he made a 30 day late payment on two accounts instead of one.

17.     PHH failed to conduct a reasonable investigation and continued reporting Plaintiff as late ensuring that Plaintiff's credit reflected that he made a 30 day late payment on two accounts instead of one.

18.    Experian failed to conduct a reasonable investigation and continued reporting Plaintiff as late ensuring that Plaintiff's credit reflected that he made a 30 day late payment on two accounts instead of one.

19.    Experian does not maintain adequate procedures to prevent two tradelines from reporting the same account as delinquent at the same time.

20.    Both PHH and Loan Depot also failed to mark the account in dispute after receiving Plaintiff's dispute letters. As a result of this failure, Plaintiff's credit report was inaccurate, incomplete, and misleading. Plaintiff submitted a legitimate dispute to both PHH and Loan Depot that they cannot both report him as late. Thereafter, both PHH and Loan Depot should have reflected the fact that Plaintiff disputed each of their reporting given the material misrepresentation concerning Plaintiff's creditworthiness that was a result of each of their reporting. Nonetheless, both PHH and Loan Depot failed to comply with the FCRA's dispute obligations.

21.    Plaintiff also disputed the information with Credit Plus.

22.    Credit Plus failed to conduct a reasonable investigation as required of it and continued reporting Plaintiff as late ensuring that Plaintiff's credit reflected that he made a 30 day late payment on two accounts instead of one.

23.    Credit Plus does not maintain adequate procedures to prevent two tradelines from reporting the same account as delinquent at the same time.

24.    As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of diminished credit worthiness and emotional distress.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY EXPERIAN

25.     Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

26.     Defendant Experian prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

27.     Experian negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b). Had Experian maintained reasonable procedures, Experian would have identified the duplicate and prevented it from reporting.

28.     After receiving Plaintiff's dispute highlighting the errors, Experian negligently and willfully failed to conduct a reasonable investigation in violation of 15 U.S.C. § 1681i(a). Had Experian conducted a reasonable investigation, Experian would have identified the duplicate and prevented it from reporting.

29.     As a direct and proximate cause of Experian's failure to perform its duties under the FCRA, Plaintiff has suffered injury to credit worthiness and increased difficulty obtaining credit. This includes higher interest rates, and difficulty obtaining a mortgage.

30.     Plaintiff has also suffered embarrassment, humiliation, and other emotional injuries as a result of errors on credit report and credit worthiness.

31.     Experian's conduct, action and inaction were willful, rendering each liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, Experian was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant Plaintiff a judgment against Experian for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## COUNT II
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY LOAN DEPOT

32.     Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

33.     At all times pertinent hereto, Loan Depot was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

34.     Loan Depot willfully and negligently supplied Experian with information about Plaintiff that was false, misleading, and inaccurate.

35.     Loan Depot willfully and negligently failed to mark its account as disputed by Plaintiff.

36.     Loan Depot willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed. Specifically, Loan Depot failed to investigate whether it instructed PHH Mortgage to report the December 2018 late payment while it was simultaneously reporting the late payment. Loan Depot also failed to investigate whether Plaintiff was being made to appear as twice delinquent on the same account as a result of its reporting.

37.     Loan Depot willfully and negligently failed to report the results of its investigation to the relevant consumer reporting agencies.

38.     Loan Depot willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the inaccurate information disputed by Plaintiff.

39.     Loan Depot willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

6

40.     Loan Depot willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

41.     As a direct and proximate cause of Loan Depot's failure to perform its duties under the FCRA, Plaintiff has suffered injury to his credit worthiness and increased difficulty obtaining credit. This includes higher interest rates, and difficulty obtaining a mortgage.

42.     Plaintiff has also suffered embarrassment, humiliation, and other emotional injuries as a result of errors on her credit report and credit worthiness.

43.     Loan Depot's conduct, action and inaction were willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

44.     In the alternative, Loan Depot was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

    **WHEREFORE, PLAINTIFF PRAYS** that this court grant Plaintiff a judgment against Loan Depot for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

## COUNT III
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## BY PHH MORTGAGE SERVICES

45.      Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

46.      At all times pertinent hereto, PHH Mortgage Services was a "person" as that term is used and defined under 15 U.S.C. § 1681a.

47.      PHH Mortgage Services willfully and negligently supplied Experian with information about Plaintiff that was false, misleading, and inaccurate.

48.     PHH Mortgage Services willfully and negligently failed to mark its account as disputed by Plaintiff.

49.     PHH Mortgage Services willfully and negligently failed to conduct an investigation of the inaccurate information that Plaintiff disputed. PHH Mortgage Services failed to investigate whether it should have been reporting Plaintiff as late in December 2018. PHH Mortgage Services also failed to investigate whether Plaintiff was being made to appear as twice delinquent on the same account as a result of its reporting.

50.     PHH Mortgage Services willfully and negligently failed to report the results of its investigation to the relevant consumer reporting agencies.

51.     PHH Mortgage Services willfully and negligently failed to properly participate, investigate, and comply with the reinvestigations that were conducted by any and all credit reporting agencies, concerning the inaccurate information disputed by Plaintiff.

52.     PHH Mortgage Services willfully and negligently continued to furnish and disseminate inaccurate and derogatory credit, account, and other information concerning Plaintiff to credit reporting agencies.

53.     PHH Mortgage Services willfully and negligently failed to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. § 1681s-2(b).

54.     As a direct and proximate cause of PHH Mortgage Services's failure to perform its duties under the FCRA, Plaintiff has suffered injury to his credit worthiness and increased difficulty obtaining credit. This includes higher interest rates, and difficulty obtaining a mortgage. Plaintiff has also suffered embarrassment, humiliation, and other emotional injuries as a result of errors on her credit report and credit worthiness.

55.     PHH Mortgage Services's conduct, action and inaction were willful, rendering it liable for actual and statutory damages, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

56.     In the alternative, PHH Mortgage Services was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this court grant Plaintiff a judgment against PHH Mortgage Services for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and attorney's fees.

**COUNT IV**
**VIOLATION OF THE FAIR CREDIT REPORTING ACT**
**BY CREDIT PLUS**

57.     Plaintiff repeats, realleges, and reasserts the allegations contained in the paragraphs above and incorporates them as if specifically set forth at length herein.

58.     Defendant Credit Plus prepared, compiled, issued, assembled, transferred, published and otherwise reproduced consumer reports regarding Plaintiff as that term is used and defined under 15 U.S.C. § 1681a.

59.     Credit Plus negligently and willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

60.     After receiving Plaintiff's dispute highlighting the errors, Credit Plus negligently and willfully failed to conduct a reasonable investigation in violation of 15 U.S.C. § 1681i(f). Credit Plus failed to notify Experian of Plaintiff's dispute, failed to determine whether the error was of its own making, and failed to respond to Plaintiff's dispute.

61.     As a direct and proximate cause of Credit Plus's failure to perform its duties under the

FCRA, Plaintiff has suffered injury to credit worthiness and increased difficulty obtaining credit.

This includes higher interest rates, and difficulty obtaining a mortgage.

62.     Plaintiff has also suffered embarrassment, humiliation, and other emotional injuries as a

result of errors on credit report and credit worthiness.

63.     Credit Plus's conduct, action and inaction were willful, rendering each liable for actual and

statutory damages, and punitive damages in an amount to be determined by the Court pursuant to

15 U.S.C. § 1681n.  In the alternative, Credit Plus was negligent entitling the Plaintiff to recover

actual damages under 15 U.S.C. § 1681o.

        **WHEREFORE, PLAINTIFF PRAYS** that this court grant Plaintiff a judgment against

Credit Plus for the greater of statutory or actual damages, plus punitive damages along with costs,

interest, and attorney's fees.


## JURY TRIAL DEMAND

64.     Plaintiff demands a jury trial on all issues so triable.


Dated: May 6, 2021


                                        Respectfully Submitted,

                                        /s/ *Daniel Zemel*
                                        Daniel Zemel, Esq.
                                        ZEMEL LAW, LLC
                                        680 Central Ave, Suite 105
                                        Cedarhurst, NY 11516
                                        Phone: (862) 227-3106
                                        Fax: (973) 282-8603
                                        dz@zemellawllc.com
                                        Attorneys for Plaintiff