UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

CHAIM B. TESCHER,

            Plaintiff,

-against-

EXPERIAN INFORMATION SOLUTIONS, INC., et al.,

            Defendants.

**ORDER**

21-CV-02266 (PMH)

---

PHILIP M. HALPERN, United States District Judge:

Pending before the Court is Plaintiff Chaim B. Tescher's ("Plaintiff") December 7, 2022 pre-motion conference letter filed in anticipation of Plaintiff's motion to amend the First Amended Complaint ("FAC"). (Doc. 87). Defendant Experian Information Solutions, Inc. ("Defendant") filed a response in opposition on December 13, 2022. (Doc. 89). The Court waives the pre-motion conference requirement. As "the parties have offered detailed arguments in pre-motion letters" evidencing "a clear lack of merit" in Plaintiff's motion to amend, the Court construes Plaintiff's pre-motion letter as his motion to amend and DENIES the motion to amend. *StreetEasy, Inc. v. Chertok*, 730 F. App'x 4, 6 (2d Cir. 2018); *see also In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011) ("Given the length and detail of the Pre-motion Letter and responses, and the clear lack of merit of the sanctions argument, the district court did not abuse its discretion in construing the letter as a motion and denying the motion."); Individual Practices of Halpern, J., Rule 2(C).

This case was filed in the New York Supreme Court for Rockland County on February 16, 2021 and subsequently removed to this Court on March 16, 2021. (Doc. 1). Plaintiff requested an extension of time to file his FAC on May 4, 2021 (Doc. 17) which the Court granted on May 6, 2021 (Doc. 21). Plaintiff filed the FAC on May 11, 2021. (Doc. 25). Following the adjudication of Defendants' motion to dismiss, the Court entered a Scheduling Order on May 3, 2022. (Doc.

64). Since that date, "the parties have exchanged written discovery and taken numerous depositions." (Doc. 87). Plaintiff moved to extend time to complete discovery on October 21, 2022 (Doc. 82), which the Court granted that same day (Doc. 83). Pursuant to the operative Scheduling Order, the deadline for fact discovery is December 30, 2022, and the deadline for expert discovery is February 13, 2021. (Doc. 84).

Pursuant to the Scheduling Order in this case, "*any* motion to amend to join additional parties shall be filed by June 2, 2022." (Doc. 84 (emphasis added)). The Scheduling Order plainly set a deadline after which all amendments would be prohibited. Where, as here, a party moves to amend a complaint after the Scheduling Order's deadline to do so has passed, the movant "may do so only up[on] a showing of the 'good cause' that is required to modify a scheduling order under Rule 16(b)(4)." *Sacerdote v. New York Univ.*, 9 F.4th 95, 115 (2d Cir. 2021), *cert. denied*, 142 S. Ct. 1112 (2022); *see also Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009) (affirming a district court's denial of a plaintiffs' motion to amend where "[t]he record is devoid of evidence supporting plaintiffs' contention that good cause existed" to modify the scheduling order).

Plaintiff moves to further amend the FAC to add class allegations more than six months after the deadline to do so has passed. (Doc. 87). As Plaintiff acknowledges, the parties have been engaged in discovery since May 2021. (*Id.*). Plaintiff offers no explanation why he was unable to obtain the discovery relevant to the proposed class allegations at an earlier stage in this litigation. Plaintiff has not met his burden of showing that he diligently pursued discovery on the proposed class allegations such that there would be good cause to allow amendment to the FAC so late into discovery. Further, permitting amendment so close to the fact discovery deadline would cause undue prejudice to Defendant, who has represented that it intends to move for summary judgment once fact discovery closes. (Doc. 89 at 5). Allowing Plaintiff's proposed amendment would

2

necessitate yet another extension of the discovery deadlines in this case to allow the parties sufficient time to conduct class discovery, causing undue delay to the resolution of this case.

For the foregoing reasons, Plaintiff's motion to amend the FAC is DENIED.

                                        **SO ORDERED:**

Dated:  White Plains, New York
          December 15, 2022

                                        _____
                                        PHILIP M. HALPERN
                                        United States District Judge