UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHAIM B. TESCHER,

                    Plaintiff,

        -against-

EXPERIAN INFORMATION SOLUTIONS,
INC. and PHH MORTGAGE SERVICES,

                    Defendant.

**<u>ORDER</u>**

21-CV-02266 (PMH)

PHILIP M. HALPERN, United States District Judge:

Chaim B. Tescher ("Plaintiff") requested a pre-motion conference on December 7, 2022 seeking leave to file his motion to further amend the First Amended Complaint ("FAC"). (Doc. 87). Experian Information Solutions, Inc. ("Defendant") filed a response in opposition on December 13, 2022. (Doc. 89). The Court waived the pre-motion conference requirement, construed Plaintiff's pre-motion letter as his motion to amend the FAC and denied the motion on December 15, 2022. (Doc. 90, "Prior Order"). The Court assumes the parties' familiarity with the procedural posture and factual allegations as laid out in the Prior Order.

Pending before the Court is Plaintiff's motion for reconsideration of the Prior Order made pursuant to Local Civil Rule 6.3 and Federal Rule of Civil Procedure 59.[1] (Doc. 93; Doc. 94 "Pl.

---

[1] Plaintiff submitted, in support of his motion for reconsideration, the Declaration of Daniel Zemel which attaches email correspondence between Plaintiff's counsel and Defendants' counsel. (Doc. 95). Pursuant to Local Civil Rule 6.3, "[n]o affidavits shall be filed by any party unless directed by the Court." Plaintiff did not seek leave from the Court to file a declaration or documents in support of his motion for reconsideration. Accordingly, the Zemel Declaration and the accompanying exhibits are stricken and will be disregarded. *See Ferring B.V. v. Allergan, Inc.*, No. 12-CV-02650, 2013 WL 4082930, at *2 (S.D.N.Y. Aug. 7, 2013) (citing *Sys. Mgmt. Arts, Inc. v. Avesta Technologies, Inc.*, 106 F.Supp.2d 519, 521 (S.D.N.Y. 2000)). Even assuming that the Court considered the Zemel Declaration and exhibits, they are insufficient to support Plaintiff's contention that the Court overlooked or misapprehended anything. The Zemel Declaration asserts that Plaintiff did not request for PHH's deposition until "June 2022." (Doc. 95 ¶ 5). However, explaining what happened in the several months prior to the conclusion of discovery does not explain what happened in the year and half before that.

Br."; Doc. 95). Defendant filed an opposition to Plaintiff's motion on January 6, 2023 (Doc. 98, "Opp. Br."), and the motion was fully submitted upon the filing of Plaintiff's reply on January 13, 2023 (Doc. 101, "Reply").

For the reasons stated herein, Plaintiff's motion for reconsideration is DENIED.

## STANDARD OF REVIEW

"Motions for reconsideration are governed principally by Federal Rule of Civil Procedure 59(e) and Local Civil Rule 6.3, which are meant to 'ensure the finality of decisions and to prevent the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters.' " *In re Gen. Motors LLC Ignition Switch Litig.*, 14-MD-02543, 2021 WL 1700318, at *1 (S.D.N.Y. Apr. 29, 2021) (quoting *Medisim Ltd. v. BestMed LLC*, No. 10-CV-2463 (SAS), 2012 WL 1450420, at *1 (S.D.N.Y. Apr. 23, 2012)). Reconsideration of a court's order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys. Inc. Secs. Litig.,* 113 F.Supp.2d 613, 614 (S.D.N.Y. 2000)). "Generally, a party seeking reconsideration must show either 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.' " *Phx. Light SF Ltd. v. U.S. Bank Nat'l Ass'n*, 14-CV-10116, 2020 WL 4699043, at *1 (S.D.N.Y. Aug. 12, 2020) (quoting *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701–02 (S.D.N.Y. 2011)). A motion for reconsideration "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)); *Polsby v. St. Martin's Press, Inc.*, No. 97-CV-00690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) ("[A] party may not advance new facts, issues or arguments not previously presented to the

Court."). "Therefore, a motion for reconsideration should be denied if the moving party merely offers substantially the same arguments he offered on the original motion." *Premium Sports Inc. v. Connell*, No. 10-CV-03753, 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (cleaned up). The decision of whether to grant or deny a motion for reconsideration is within "the sound discretion of the district court." *Aczel v. Labonia*, 584 F.3d 52, 61 (2d Cir. 2009).

## ANALYSIS

Plaintiff advances two arguments in support of its motion for reconsideration. First, that Plaintiff diligently pursued discovery in this action. Second, that allowing Plaintiff to further amend the FAC would not cause undue prejudice to Defendant. The Court addresses each of these arguments in turn.

I.   First Argument: Plaintiff's Diligence in Pursuing Discovery

Plaintiff argued, in initially moving for leave to amend the FAC, that he "pursued his claims diligently and without delay." (Doc. 87 at 2). The Court found in the Prior Order that "Plaintiff offers no explanation why he was unable to obtain the discovery relevant to the proposed class allegations at an earlier stage in this litigation" and accordingly held that "Plaintiff has not met his burden of showing that he diligently pursued discovery on the proposed class allegations." (Doc. 90 at 2). Plaintiff, in moving for reconsideration, offers the same argument once again, asserting that he "needed testimony from all of the Defendants, and especially [PHH Mortgage Services ("PHH")]" before moving to amend the FAC. (Pl. Br. at 4). Plaintiff explains that he diligently pursued discovery because he "promptly asked for [Defendant PHH Mortgage Service's] availability for deposition in June 2022." (*Id.*).

The underlying action was filed in Rockland County Supreme Court on February 16, 2021 and was removed to this Court on March 16, 2021. (Doc. 1). As the Court made clear during the

pre-motion conference held on July 15, 2021, "although the Court will not schedule an Initial Pretrial Conference until a point after the motion to dismiss is filed, discovery is not stayed" and as such "the parties may engage in discovery." (7/15/2021 Minute Entry). Despite this, Plaintiff waited until nearly a year later to request PHH Mortgage Service's deposition. There is absolutely no reason offered by Plaintiff, then or now, for the discovery delays here. At the time of Plaintiff's request for leave to amend the FAC, this case had been pending approximately 22 months. The Court considered the state of discovery, and specifically referenced Plaintiff's failure to obtain the necessary discovery at an earlier stage, in denying the motion to amend the FAC. (Doc. 90 at 2). Plaintiff has not met his burden to demonstrate that the Court "overlooked material facts that was before it" with respect to the Prior Order's finding that Plaintiff failed to diligently pursue discovery. *Ferring B.V. v. Allergan, Inc.*, No. 12-CV-02650, 2013 WL 4082930, at *1 (S.D.N.Y. Aug. 7, 2013) (internal quotation marks omitted) (quoting *Anglo Am. Ins. Grp. v. CalFed, Inc.*, 940 F. Supp. 554, 557 (S.D.N.Y. 1996)).

## II.   Second Argument: Undue Prejudice to Defendant

Plaintiff next argues that the Court should reconsider its finding that "permitting amendment so close to the fact discovery deadline would cause undue prejudice to Defendant" and lead to "undue delay to the resolution of this case." (Prior Order at 2-3). Plaintiff asserts that denial of its motion to amend "based on the potential to Experian in taking additional discovery or having to delay filing their early motion for summary judgment is improper in light of significant case law in the Second Circuit to the contrary." (Pl. Br. at 8). Plaintiff, in support of this argument, relies on *U.S. ex rel. Mar. Admin. v. Continental Ill. Nat'l Bank & Trust Co. of Chi.*, where the Second Circuit held that "the adverse party's burden of undertaking discovery, *standing alone*, does not suffice to warrant denial of a motion to amend a pleading." 889 F.2d 1248, 1255 (2d Cir.

4

1989)) (emphasis added). However, *Continental* is distinguishable for two reasons. First, the Prior Order was not solely based on prejudice to Defendant in taking additional discovery, but also—as discussed *supra*—on Plaintiff's failure to diligently pursue the relevant discovery at an earlier stage in the litigation. Second, in *Continental*, the party sought leave to amend its answer three months after initiating discovery, and the proposed amendment did not require an extension of the discovery deadlines in that bankruptcy case. *Id.* at 1252. That is readily distinguishable from Plaintiff's instant attempt to amend the FAC at the end of fact discovery, an amendment which would—as the Court considered and noted in the Prior Order—necessitate a third extension of the discovery deadlines in this case. (Prior Order at 2-3). "Courts have denied motions to amend where permitting the amendment would cause significant delay by reopening discovery." *Schmidt v. Stone*, No. 14-CV-02519, 2018 WL 4522082, at *6 (E.D.N.Y. Jan. 29, 2018) (collecting cases). Plaintiff has not identified "an intervening change of controlling law" or "the need to correct a clear error" with respect to the Prior Order's finding that allowing Plaintiff to amend the FAC would cause undue prejudice to Defendant. *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 108 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).

Plaintiff's arguments concerning the diligence applied to discovery and the burden imposed from allowing amendment to the FAC fail to warrant reconsideration of the Prior Order. Plaintiff had let much more than a year lapse before he began discovery; and even then, and thereafter, could have moved more diligently had he chosen to do so.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion for reconsideration is DENIED. The Clerk of Court is respectfully directed to terminate the motion sequence pending at Doc. 94.

SO ORDERED.

Dated: White Plains, New York
       February 7, 2023

_____
Philip M. Halpern
United States District Judge