# JONES DAY

250 VESEY STREET • NEW YO...
TELEPHONE: +1.212.326.3939 •

> Application to file Exhibits 2, 3, and 16 to the Tobitsch Declaration and Exhibits 1 and 2 to the Weinstein Reply Declaration under seal is granted.
>
> **SO ORDERED.**
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>         September 13, 2023

September

VIA ECF

Hon. Philip Halpern
Southern District of New York
300 Quarropas Street, Room 530
White Plains, New York 10601

    Re: *Tescher v. Experian Info. Sols., Inc.*, No. 7:21-cv-2266-PMH (S.D.N.Y.)
          Experian's Request to Seal

Dear Judge Halpern:

Pursuant to Your Honor's Individual Practices in Civil Cases Rules 2.C and 5, Rule 5.2(d) of the Federal Rules of Civil Procedure, the Protective Order in this litigation (ECF No. 58), and the Local Rules for the Southern District of New York, Defendant Experian Information Solutions, Inc. ("Experian") requests permission to file under seal certain exhibits in support of its Motion for Summary Judgment. Those are Exhibits 2 and 3 to the Tobitsch Declaration, as well as Exhibits 1 and 2 to the Weinstein Reply Declaration. Plaintiff has consented to Experian's request to seal, and has requested that Exhibit 16 to the Tobitsch Declaration also be sealed.

Experian's Request to Seal covers two confidential business documents that were generated with regard to Plaintiff and two excerpts from its confidential policies and procedures documents, as well as a third-party production. First, Experian requests to seal Exhibit 2 to the Tobitsch Declaration, which is Plaintiff's Administrative Report. The Administrative Report is a coded document generated by Experian's system that, among other things, contains the name

AMSTERDAM • ATLANTA • BEIJING • BOSTON • BRISBANE • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DETROIT
DUBAI • DÜSSELDORF • FRANKFURT • HONG KONG • HOUSTON • IRVINE • LONDON • LOS ANGELES • MADRID • MELBOURNE
MEXICO CITY • MIAMI • MILAN • MINNEAPOLIS • MUNICH • NEW YORK • PARIS • PERTH • PITTSBURGH • SAN DIEGO
SAN FRANCISCO • SÃO PAULO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Hon. Judge Halpern
September 12, 2023
Page 2

variations, social security numbers, addresses, and credit account information appearing in a consumer's credit files at the time the Report was created. Experian also requests to seal Exhibit 3 to the Tobitsch Declaration, the Dispute/Response Log Experian generated regarding Plaintiff. The D/R Log summarizes dispute activity relating to Plaintiff. The Log identifies the information contained in the report which the consumer disputes, the date of the dispute, the identification number of the Experian employee who entered the dispute into Experian's system, the updated information (if any), and the results of the investigation. Experian also seeks to seal two confidential policies and procedures documents it produced in this litigation, the Dispute: Trades Participant Guide and the Disputes: Additional Information Participant Guide. Those documents are Exhibits 1 and 2 to the Weinstein Reply Declaration. These policy documents contain proprietary information on how Experian maintains its credit reporting procedures. Pursuant to the governing protective order, all of these documents were designated as "confidential" by Experian when they were produced. Finally, Experian requests to seal Exhibit 16 to the Tobitsch declaration, documents produced by third-party Everest Equity relating to Plaintiff's mortgage loan refinancing application. These third-party documents contain sensitive information related to Plaintiff's financial information, taxes, income, etc.

The Second Circuit has established a three-step analysis to determine whether documents relating to a lawsuit must be made available to the public: (1) whether the documents are "judicial documents," to which the public has a presumptive right of access, (2) if the documents are judicial

Hon. Judge Halpern
September 12, 2023
Page 3

documents, then the court must determine the weight of the presumption, and (3) once the weight of the presumption is determined, a court must balance competing considerations against it. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-120 (2d Cir. 2006).

Here, there is no presumptive right of public access, or the weight of the presumption is not strong, under the first two prongs of the *Lugosch* test. "In order to be designated a judicial document, the item filed must be relevant to the performance of the judicial function and useful in the judicial process." *Lugosch*, 435 F.3d at 119. Although the documents may be judicial documents because they are exhibits to Experian's Motion, only limited portions of those documents, relating to the accounts at issue in this lawsuit, will be relevant to the Court's analysis. Further, they also contain large swaths of information not relevant to the deciding of the motion, including Experian's proprietary information and Plaintiff's personal financial information. Thus, even if there was a strong presumption of access, Experian's and Plaintiff's privacy interests outweigh the public's presumptive right to access the information contained in the exhibits under the third prong of the *Lugosch* test.

Documents containing "competitive business information" are an example of where "the sensitivity of this information outweighs the presumption of access contemplated in the third *Lugosch* factor." *Regeneron Pharms., Inc. v. Novartis Pharma AG*, 2021 WL 243943 (S.D.N.Y. Jan. 24, 2021). "[C]orporations have a legitimate and well-recognized interest in keeping sensitive or proprietary information confidential." *Banco Santander (Brasil), S.A. v. Am. Airlines, Inc.*,

JONES DAY

Hon. Judge Halpern
September 12, 2023
Page 4

2020 WL 4926271, at *4 (E.D.N.Y. Aug. 21, 2020) (sealing "sensitive business information"). "The demonstration of a valid need to protect the confidentiality of such sensitive business information may be a legitimate basis to rebut the public's presumption of access to judicial documents." *Hanks v. Voya Ret. Ins. & Annuity Co.*, 2020 WL 5813448, at *2 (S.D.N.Y. Sept. 30, 2020) (collecting cases).

Courts across the country have also upheld sealing Experian policies and confidential code documents. *See, e.g., Newton v. JP Morgan Chase & Co.*, 2023 WL 3948313, at *1-2 (W.D. Wash. June 12, 2023); *Cardinali v. Plusfour, Inc.*, 2019 WL 4723071, at *14 (D. Nev. Sept. 26, 2019) ("Though Experian's policies, practices, and systems are at issue in this litigation, balancing the public's need to access general information about those matters against Experian's need to maintain the confidentiality of the details and specifics of those matters favors sealing these judicial records."). These are also the exact sorts of documents that the Court recognized may be afforded confidential status under its January 3, 2022 Order entering the Protective Order ("'trade secrets or other confidential research, development, or commercial information' is afforded confidential status under Paragraph 2(e) of this Order"). Protecting Experian's confidential information is critical to it, as public access to its documents could provide its competitors a competitive advantage, could permit identity thieves to reverse engineer its proprietary computer systems, or could assist credit clinics with manipulating consumers' credit profiles to purge negative credit history.

JONES DAY

Hon. Judge Halpern
September 12, 2023
Page 5

Further, Exhibit 16 should remain under seal to protect Plaintiff's personal financial information. The documents contain a myriad of sensitive information regarding Plaintiff, including his sources of income, taxes, and mortgages. "Personal and financial information implicate 'significant privacy interests' that overcome the strong presumption of public access. *S.E.C. v. Ripple Labs, Inc.*, 2023 WL 3477552, at *3 (S.D.N.Y. May 16, 2023) (quoting *City of Almaty, Kazakhstan v. Ablyazov*, 2021 WL 1177737, at *2 (S.D.N.Y. Mar. 29, 2021)). In addition, there is no narrowly-tailored set of redactions that could be applied to these documents, as the entire third-party production consists of Plaintiff's personal loan application. The entire Exhibit 16 should remain sealed.

For the foregoing reasons, Experian requests that the Court permit Exhibits 2, 3, and 16 to the Tobitsch Declaration, as well as Exhibits 1 and 2 to the Weinstein Reply Declaration, to remain under seal.

Respectfully submitted,

*/s/ Brett M. Weinstein*

Brett M. Weinstein

cc: All counsel of record (via ECF)